FILED-CLERK
U.S. DISTRICT COURT
2012 MAY 16 PM 3:10
TEXAS-EASTERN
BY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

David E. Mack
*Plaintiff.*

vs

NATIONWIDE CREDIT INC.
*Defendant.*

Case No 4:12cv305

Judge Schell

TRIAL BY JURY DEMANDED

**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA**

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is NATIONWIDE CREDIT INC. (hereinafter "NATIONWIDE") an unknown entity with offices at 2002 Summit Blvd., Atlanta, GA 30319

**VENUE**

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant NATIONWIDE had obtained Plaintiff's Experian consumer credit report on August 18, 2008 and September 9, 2008.

9. Discovery of violations brought forth herein occurred in May 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NATIONWIDE CREDIT INC.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of

insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant NATIONWIDE.

17. On **August 18, 2008** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

18. Plaintiff sent a notice to NATIONWIDE of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

19. At no time did Plaintiff give his consent for NATIONWIDE to acquire his consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has NATIONWIDE ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant

had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NATIONWIDE CREDIT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NATIONWIDE CREDIT INC.

22. Paragraphs 1 through 21 are re-alleged as though fully set forth herein.

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

24. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

25. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

26. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

27. Defendant obtained Plaintiff's Experian consumer credit report on **September 19, 2008** with no permissible purpose under the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

28. At no time has NATIONWIDE ever indicated what justification they may have had for obtaining Plaintiff's credit report.

29. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NATIONWIDE CREDIT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 15, 2012

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642